STATE EX REL. GREGG ET AL., RELATORS, *v.* ERICKSON ET AL., RESPONDENTS.

. (No. 2,722.)

(Submitted June 3, 1909. Decided June 21, 1909.)

[102 Pac. 336.]

*Statutes—Constitutionality—Legislative Procedure — Enrolled . Bill—Conclusiveness—Lincoln County—Validity of Act.*

Legislative Procedure—Enrolled Bill—Conclusiveness.
    1. An enrolled bill, bearing the signatures of the presiding officers of the two Houses and the approval of the governor, is conclusive upon the courts, and, in determining whether an Act has been properly passed, recourse may not be had to any other evidence, except where the alleged invalidity of an Act is based upon a failure to enter the names of those voting upon its final passage, in which case the journals may be consulted.
Statute—Lincoln County—Validity.
    2. *Held,* that the Act of March 9, 1909 (Laws 1909, p. 193), creating Lincoln county, and providing for its organization and government,

o

in failing to provide any compensation for the county superintendent of schools, is not upon its face so defective as to defeat its purposes.

ORIGINAL proceedings by the state, on the relation of Robert Gregg and others, against John E. Erickson and others, to determine the validity of the Act creating Lincoln county. Dismissed.

*Messrs. Walsh & Nolan,* for Relators.

*Mr. Thos. D. Long,* and *Messrs. Gunn & Rasch,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is a special proceeding commenced in this court, the ultimate object of which is to test the validity of an Act of the Eleventh Legislative Assembly, known as Senate Bill No. 65, approved March 9, 1909 (Laws 1909, p. 193). The enrolled bill on file in the office of the secretary of state is entitled "An Act to create Lincoln county, designate its boundaries, and provide for its organization and government," is properly signed by the speaker of the House and president of the Senate, and bears the approval of the governor. It is contended that the Act is invalid for two reasons: (1) The enrolled bill contains certain amendments, whereas the amendments were in fact not adopted; and (2) the enrolled bill differs materially from the bill which passed the two houses. These contentions are met by the counter contentions that it is not competent to show these facts, or either of them since they do not appear from the enrolled bill itself, nor from the journals if they can be consulted for such a purpose. On behalf of the relators we are urged to go behind the enrolled bill and consult the journals, the original bill, and the engrossed bill, to ascertain whether any amendments were adopted, and whether there is in fact a variance between the bill as it passed the two houses, and the bill as signed by the presiding officers and approved by the governor. In support

of this contention, generally, the following cases are cited: *State v. Platt*, 2 S. C. 150, 16 Am. Rep. 647; *Gardner* v. *Collector*, 6 Wall. 499, 18 L. Ed. 890; *Chicot County* v. *Davies*, 40 Ark. 200; *Jones* v. *Hutchinson*, 43 Ala. 721; *State* v. *Moore*, 37 Neb. 13, 55 N. W. 299; *Ramsey County Board of Supervisors* v. *Heenan*, 2 Minn. (Gil. 281) 330; *Lankford* v. *County Commrs. of Somerset County*, 73 Md. 105, 20 Atl. 1017, 11 L. R. A. 491; *Hollingsworth* v. *Tax Collector*, 45 La. Ann. 222, 40 Am. St. Rep. 220, 12 South. 1; *Milwaukee County* v. *Isenring*, 109 Wis. 9, 85 N. W. 131, 53 L. R. A. 635.

*State* v. *Platt*, above, was decided in 1870; but it was distinctly overruled by the same court in 1893, in *State* v. *Town Council of Chester*, 39 S. C. 307, 17 S. E. 752. In this latter case the court said: "We announce that the true rule is that, when an Act has been duly signed by the presiding officers of the general assembly, in open session in the Senate and House, approved by the governor of the state, and duly deposited in the office of the secretary of the state, it is sufficient evidence, nothing to the contrary appearing upon its face, that it passed the general assembly, and that it is not competent, either by the journals of the two houses, or either of them, or by any other evidence, to impeach such an Act."

*Gardner* v. *Collector*, above, *Jones* v. *United States*, 137 U. S. 202, 11 Sup. Ct. 80, 34 L. Ed. 691, *In re Duncan*, 139 U. S. 449, 11 Sup. Ct. 573, 35 L. Ed. 219, and *Lyons* v. *Woods*, 153 U. S. 649, 14 Sup. Ct. 959, 38 L. Ed. 854, occupy a peculiar position. In *Gardner* v. *Collector* the only question before the court was when a particular revenue measure was signed by the President; the indorsement on the enrolled bill bearing the month and day, but not the year. The Constitution of the United States does not require that the President shall do more than sign a bill, if he approves it. It does not require him to affix the date of his approval, and under these circumstances the court held that it might examine the journals and public documents, to determine the year of the President's approval; but in concluding the opinion the court said: "We are of opin-

ion therefore, on principle as well as authority, that whenever a question arises in a court of law of·the existence of a statute, or of the time when a statute took effect, or of the precise terms of a statute, the judges who are called upon to decide it have a right to resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to such question.'' Just what is meant by this we are unable to understand; but this language is referred to in the *Jones, Duncan,* and *Lyons Cases* above. The language appears all the more ambiguous in view of the fact that in *Marshall Field & Co.* v. *Clark,* 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294, where the court had before it the precise question presented to us now, *viz.,* that the bill, as authenticated by the presiding officers and approved by the executive, did not contain a section which.was in the bill as it passed the two houses, the court held to the strict English rule, and said: ''We are of opinion, for the reasons stated, that it is not competent for the appellants to show, from the journals of either house, from the reports of committees, or from other documents printed by authority of Congress, that the enrolled bill designated 'H. R. 9416,' as finally passed, contained a section that does not appear in the enrolled Act in the custody of the State Department.''

But that *Gardner* v. *Collector* is not authority for the proposition to which it is frequently cited, and to which it is cited by relators in this case, is made plain by the same court; for when that case was cited in support of the contention that other evidence than the enrolled bill ought to be received to show that a section of the bill under consideration, as it passed the two houses, had been omitted in the enrollment, the court, in *Marshall Field & Co.* v. *Clark,* said: ''The cause of *Gardner* v. *Collector,* 6 Wall. 499, was relied on in argument as supporting the contention of the appellants. The question there was as to the time when an Act of Congress took effect; the doubt, upon that point, arising from the fact that the month and day, but not the year, of the approval of the Act by the President appeared upon the enrolled act in the custody

of the Department of State. This omission, it was held, could be supplied in support of the Act from the legislative journals. It was said by the court: [The court then quotes from *Gardner* v. *Collector* the excerpt above given, and continues] : There was no question in that case as to the existence or terms of a statute, and the point in judgment was that the time when an admitted statute took effect, not appearing from the enrolled Act, could be shown by the legislative journals. It is scarcely necessary to say that that case does not meet the question here presented.''

In *Chicot County* v. *Davies,* above, the court reviewed the authorities and quoted the language from *Gardner* v. *Collector,* above, as indicating the true rule, and then said that the courts may go back of the enrolled bill ''to the legislative journals and the records and files in the office of the secretary of state''; but in *Glidewell* v. *Martin,* 51 Ark. 559, 11 S. W. 882, the same court, after expressing regret that there had been any departure from the English rule, said: ''The courts are gravitating toward the English rule, so thoroughly discussed by Mr. Justice Smith in *Chicot County* v. *Davies,* 40 Ark. 200; for while they say that the enrolled bill is not conclusive of the valid enactment of a law, and that we may look beyond it to the journals, they supply by presumption everything necessary to its validity, save where the journal affirmatively shows a violation of the Constitution.''

In *Jones* v. *Hutchinson,* above, it is held that, for the purpose of determining whether the enrolled bill presented to the governor was in fact the bill which passed the two houses, the court might look to the *legislative records;* but in the latter case of *Ex parte Howard-Harrison Iron Co.,* 119 Ala. 484, 72 Am. St. Rep. 928, 24 South. 516, the same court decided definitely that there cannot be any evidence received other than the enrolled bill and journals, and said: ''Of course, the presumption is that the bill, signed by the presiding officers of the two houses and approved by the governor, is the bill which the two houses concurred in passing, and the contrary must be made to affirmatively appear before a different conclusion can be

justified or supported. So, here, it must be made to affirmatively · appear that amendments of the house bill in question were adopted by the Senate and were not concurred in by the House, and this must be shown *by the journals* of the two houses. No other evidence is admissible." This was approved in *Jackson* v. *State,* 131 Ala. 21, 31 South. 380, where it is said: "To the journals only, of the two houses, which constitute the memorial of legislative proceedings, can we look to ascertain the nature, character, and extent of amendments made to a bill in the course of its passage; and, where the journals fail to dis-. close the nature and character of the amendments, it is not permissible to resort to other evidence for that purpose."

In *State* v. *Moore,* above, the supreme court of Nebraska said: "It is now settled that this court will look into the records and journals of the two houses of the legislature, to ascertain if they have complied with the constitutional provisions of the state with reference to the enactments of a law." But, as a matter of fact, there is not anything in the opinion to indicate that the court would consider evidence other than the enrolled bill and the journals; while in the later case of *State* v. *Abbott,* 59 Neb. 106, 80 N. W. 499, the same court said: "In this state we have not decided the enrolled bill to be conclusive, but have examined the legislative journals. In no case up to the present has the supreme court approved the reception and consideration of anything more or further than we have just stated." And a number of former cases, including *State* v. *Moore,* above, and *In re Granger,* 56 Neb. 260, 76 N. W. 588, are cited, and speaking of the *Granger Case,* the court continues: "In the case last cited, the consideration of other evidence than the enrolled bill and the journals was in effect disapproved."

The decision in *Supervisors* v. *Heenan,* above, refers for its approval to certain early cases decided in New York, but a careful reading of the opinions in those cases fails to disclose to us any justification for the Minnesota court's conclusion. Those New York cases are reviewed at length by the supreme court of California, in *Sherman* v. *Story,* 30 Cal. 253, 89 Am. Dec. 93, and the California court reaches the same conclusion which

we have reached with respect to the holding of the New York court; while in the later case of *People* v. *Devlin,* 33 N. Y. 269, 88 Am. Dec. 377, the court seems to have definitely determined that it will not look beyond the enrolled bill and the journals.  In passing, we may say that in New York state the bill which receives the signatures of the presiding officers and the governor's approval is referred to as the "engrossed" bill, and this may afford some excuse for the reference in *Supervisors* v. *Heenan.*  The later Minnesota cases refer to the journals as evidence, but nowhere else, so far as we know, has that court ever reasserted the doctrine announced in the *Heenan Case;* while in *State v. Peterson,* 38 Minn. 143, 36 N. W. 443, where the question, arose as to whether a statute had been passed in the mode prescribed by the Constitution, the court said: "It is not questioned, in this instance, that the bill was duly enrolled, authenticated, and approved.  The Act is therefore presumed to have been passed in conformity with the requirements of the Constitution, unless the contrary be made affirmatively to appear, and the proof furnished by the journals, in matters of procedure, as the reading of bills, etc., must be clear and convincing, in order to overcome this presumption."

In *Lankford* v. *Somerset County,* above, there is not any reference in the opinion of the court to the question now under consideration; but in a concurring opinion Mr. Justice Bryan refers to *Gardner* v. *Collector* as authority for the proposition that, in attempting to ascertain when a bill was delivered to the governor, the court may avail itself of any trustworthy information within its reach.

In *Hollingsworth* v. *Tax Collector,* above, it was held that recourse might be had to the engrossed bill, as well as the journals, to determine whether an amendment had been adopted. The case appears to have been decided principally upon the authority of *Gardner* v. *Collector;* but, as we have seen, the *Gardner Case* is not authority for that contention.

In *Milwaukee County* v. *Isenring,* above, the Wisconsin court refers, for approval of the doctrine that the original bill and

the engrossed bill may be received in evidence, to the following cases: *Evans* v. *Browne,* 30 Ind. 514, 95 Am. Dec. 710; *Sherman* v. *Story,* 30 Cal. 253, 89 Am. Dec. 93; *Fouke* v. *Fleming,* 13 Md. 392; *Supervisors* v. *Heenan,* and the cases, above mentioned, from the supreme court of the United States. The decision by the Wisconsin court is remarkable, in this, that, instead of supporting its contention, each of the first three cases distinctly announces the contrary doctrine, and it must be that those cases were cited without reading the opinions. As we have already said, the decision by the Minnesota court is not supported by any of the authorities cited, while in *Marshall Field & Co.* v. *Clark* it is held that the *Gardner Case* is not authority in support of the proposition to which the Wisconsin court cited it.

With this review before us, we do not feel justified in treating the cases cited by relators as authority for the proposition for which they are contending. It is the settled rule in the supreme court of the United States, and in many of the states, that the enrolled bill is conclusive upon the courts, while in a large number of states it is held that recourse may be had to the journals, in addition to the enrolled bill; but that beyond the enrolled bill and the journals the courts will not go appears to be the rule announced in *State ex rel. Herron* v. *Smith,* 44 Ohio St. 348, 7 N. E. 447, 12 N. E. 829; *People ex rel. Hart* v. *McElroy,* 72 Mich. 446, 40 N. W. 750, 2 L. R. A. 609; *People* v. *McCullough,* 210 Ill. 488, 71 N. E. 602; *Commissioners* v. *Armour Packing Co.,* 135 N. C. 62, 47 S. E. 411; *Portland* v. *Yick,* 44 Or. 439, 102 Am. St. Rep. 633, 75 Pac. 706. In the North Carolina case just cited, the court said: "The Constitution requires that it should appear, not from the entries on the original bill, but from the journal, that the bill was properly read, and that the necessary entry of the ayes and noes was made. If the journal shows that the bill was regularly passed, no evidence will be received to contradict what is therein recorded. The law requires the journals of the general assembly to be deposited with the secretary of state (Code, sec.

2867), and these journals, or a copy of them, certified as provided by law, are the only evidence that can be resorted to in order to overcome the presumption arising from the ratification of the act, and to invalidate it. It can be done in this way, but in no other.'' The same rule is announced in 2 Wigmore on Evidence, section 1550, and in 1 Lewis' Sutherland on Statutory Construction, section 47.

In *Palatine Ins. Co.* v. *Northern Pacific Ry. Co.*, 34 Mont. 268. 85 Pac. 1032, this court departed from the rule theretofore announced in *State ex rel. Bray* v. *Long*, 21 Mont. 26, 52 Pac. 645, and held that the courts might consult the legislative journals to determine whether, upon the final passage of a bill in either house, the names of those voting had been entered on the journal. We felt constrained to go to that extent because of the language of section 24, Article V, of our Constitution, which provides: ''No bill shall become a law   *   *   *   unless on its final passage the vote be taken by ayes and noes, and the names of those voting be entered on the journal.'' Section 12, Article V, of our Constitution, requires that each house shall keep a journal of its proceedings; but, except in those instances where the Constitution requires a specific entry to be made in the journals, the question what entries shall be made, or how full or minute the entries made shall be, are questions addressed to the legislative discretion. (*State* v. *City of Hastings*, 24 Minn. 82.)

There are but two instances mentioned in our Constitution wherein the legislature is required to make any particular entries in the journals. The first is found in section 24 above, and the other in section 27 of the same Article, where the fact of the signing of a bill by the presiding officer is required to be entered upon the journal. But for the failure of this second entry to be made, there is not any declaration that any consequences would follow; whereas, there is the specific declaration made in section 24 that, if the names of those voting upon the final passage of a measure be not entered in the journal, the bill shall not become a law. But for the obligatory character of this language, this

court, in the *Palatine Case,* above, would have followed the rule theretofore announced in *State ex rel. Bray* v. *Long.*

In most of the cases which depart from the strict English rule, it is said that the courts look beyond the enrolled bill to the journals, only because of the fact that the particular Constitution contains a provision similar to that in our section 24 above. The rule as to the extent to which those courts will go in consulting the journals is not altogether uniform; but we do not hesitate to say that a due respect for a co-ordinate branch of government compels the court to accept the enrolled bill, bearing the signatures of the presiding officers of the two houses and the approval of the governor, as conclusive, except in the one instance where the Constitution has declared that a failure to enter the names of those voting upon the final passage of the bill will prevent the bill becoming a law.

Original or engrossed bills are not authenticated in any manner. Indeed, when an original bill is amended, its functions cease. The engrossed copy takes its place, and when an engrossed copy is acted upon by the house, or the two houses, it becomes *functus officio.* If it is defeated, it becomes a dead letter. If it is passed, the enrolled copy takes its place and receives due authentication. It is true that section 76, Revised Codes, requires the secretary of the Senate and the clerk of the House, at the close of each legislative session, to deliver to the secretary of state "all bills and papers belonging to the archives of their respective houses"; but just what is meant to be included in the phrase "all bills and papers" is not clear. In any event, we think it would be extremely dangerous to impeach a duly authenticated record— an enrolled bill—by papers which are not authenticated or identified in any manner. This does not apply to the journals, for they are required to be authenticated. (Revised Codes, sec. 70.) We deem the argument advanced in *Marshall Field & Co.* v. *Clark,* above, in favor of the English rule, conclusive upon this subject, excepting in so far as that rule is modified or added to by the provisions of section 24 of our Constitution, above.

This conclusion disposes of the contentions made by relators, unless the Act upon its face is so defective or uncertain that its provisions cannot be carried into effect.   The only serious defect in the bill, if such it may be called, is its failure to provide any compensation for the county superintendent of schools; but. whatever effect this may have upon the government of the county after it is organized, we do not think that it is sufficient to defeat the purposes of the bill.   The Act appears to be sufficient to designate the boundaries of the proposed county and to provide for its organization and government.

The proceedings are dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.