(September 19, 1914.)

## In re DRAINAGE DISTRICT No. 1 of CANYON COUNTY.

[143 Pac. 299.]

CONSTITUTIONAL LAW—JOURNALS OF THE HOUSE—EVIDENCE—PASSAGE OF BILLS—WHAT JOURNAL ENTRIES MUST AFFIRMATIVELY SHOW—PRESUMPTION.

1. Under the provisions of sec. 15, art. 3, of the constitution, it is provided that no bill shall become a law unless the same shall have been read on three several days in each House previous to its final passage; provided, however, in case of urgency two thirds of the House where such bill may be pending may, upon a vote of the yeas and nays, dispense with that provision.

2. Under the provisions of sec. 13, art. 3, each House is required to keep a journal of its proceedings, and the yeas and nays of the members of each House on any question may be, at the request of three members, entered on the journal.

3. The journal entries made by either House may be resorted to as evidence to prove either the regularity or the irregularity of the passage of a law.

4. It will not be presumed in any case from the mere silence of the journals that either House has exceeded its authority or disregarded a constitutional requirement in the passage of legislative acts, unless where the constitution has expressly required the journals to show the actions taken, as, for instance, where it requires the yeas and nays to be entered.

5. Unless the journal shows affirmatively that the legislature has failed to comply with each step required to be taken in the passage of an act under the provisions of the constitution, the presumption is that the legislature did comply with all of such provisions.

6. The case of *Cohn v. Kingsley,* 5 Ida. 416, 49 Pac. 985, 38 L. R. A. 74, modified.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to determine the validity of what is known as the "Drainage Law." Judgment *reversed.*

H. S. Kessler, for Appellant.

The present members of this bench have not hesitated to express disapproval of the majority opinion in the Cohn-Kingsley case. (*Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319.)

The omissions in the journal that have been held fatal to any bill have been omissions of facts which the constitution expressly requires should be entered in the journal. The true rule and the one now almost universally accepted by those authorities which recognize the journal as evidence was stated by Judge Cooley in Cooley's Const. Limitations, 7th ed., p. 193.

"Unless expressly so stated the journal is not required to show that a bill was read at the times and in the manner prescribed by the constitution." (*Mass. Mut. Life Ins. Co. v. Colorado Loan & Trust Co.,* 20 Colo. 1, 36 Pac. 793; *Weyand v. Stover,* 35 Kan. 545, 11 Pac. 355; *In re Ellis,* 55 Minn. 401, 43 Am. St. 514, 56 N. W. 1056, 23 L. R. A. 287; *New Hanover County v. De Rossett,* 129 N. C. 275, 40 S. E. 43; *Commissioners of Stanley Co. v. Snuggs,* 121 N. C. 394, 28 S. E. 539, 39 L. R. A. 439; *Mumford v. Sewall,* 11 Or. 67, 50 Am. Rep. 462, 4 Pac. 585; *Illinois v. Illinois Cent. Ry. Co.,* 33 Fed.

730, affirmed in 146 U. S. 387, 13 Sup. Ct. 110, 36 L. ed. 1018; *Hollingsworth v. Thompson,* 45 La. Ann. 222, 40 Am. St. 220, 12 So. 1; *Rash v. Allen,* 1 Boyce (Del.), 444, 76 Atl. 370; *Ridgely v. Mayor,* 119 Md. 567, 87 Atl. 909; *Webster v. City of Hastings,* 59 Neb. 563, 81 N. W. 510; *People v. Leddy,* 53 Colo. 109, 123 Pac. 824; *State v. Erickson,* 39 Mont. 280, 102 Pac. 336; notes in 40 L. R. A., N. S., 1; 20 Am. & Eng. Ann. Cas. 350; 36 Cyc. 950.)

John C. Rice, for Respondents.

It is conceded that the district court correctly followed the law as laid down by this court in the case of *Cohn v. Kingsley,* 5 Ida. 416, 49 Pac. 985, 38 L. R. A. 74, but this court is now asked to overrule that case. In cases of this kind it is uniformly held in this state that journals of the two Houses of the legislature are not only proper, but are conclusive evidence of the facts therein shown. (*Burkhart v. Reed,* 2 Ida. 503, 22 Pac. 1; *Clough v. Curtis,* 2 Ida. 523, 22 Pac. 8; *Blaine County v. Heard,* 5 Ida. 6, 45 Pac. 890; *Brown v. Collister,* 5 Ida. 589, 51 Pac. 417.)

This principle is quite generally adhered to by the courts of the different states of the Union. (*Union Bank of Richmond v. Commissioners of Oxford,* 119 N. C. 214, 25 S. E. 966, 34 L. R. A. 487.)

"A cardinal rule in dealing with written instruments is that they are to receive an unvarying interpretation, and that their practical construction is to be uniform. A constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances may have so changed as perhaps to make a different rule in the case seem desirable." (Cooley's Const. Lim., 6th ed., p. 68; *McCulley v. State,* 102 Tenn. 509, 53 S. W. 134, 46 L. R. A. 567; *Baker v. Lorillard,* 4 N. Y. 261.) Since the decision was announced in the case of *Cohn v. Kingsley,* both Houses of the legislature of this state have accepted the construction of the constitution there laid down as binding, and have re-enacted practically all statutes passed prior to that decision in order

that the question of their constitutionality might not be successfully raised. Therefore, there is every reason for adhering to the rule as announced in the case of *Cohn v. Kingsley,* and the cases subsequent thereto decided by this court.

SULLIVAN, C. J.—This appeal involves the constitution-. ality of what is known as the "Drainage District Law" of this state, passed at the twelfth session of the legislature and found in 1913 Session Laws, p. 58. It is contended that said act was not passed by the legislature in accordance with the provisions of sec. 15, art. 3, of the constitution. Said section of the constitution is as follows:

"No law shall be passed except by bill, nor shall any bill be put upon its final passage until the same, with the amendments thereto, shall have been printed for the use of the members; nor shall any bill become a law unless the same shall have been read on three several days, in each House, previous to the final vote thereon.

"*Provided,* In case of urgency, two thirds of the House where such bill may be pending, may, upon a vote of the yeas and nays, dispense with this provision. On the final passage of all bills, they shall be read at length, section by section, and the vote shall be by yeas and nays upon each bill separately, and shall be entered upon the journal; and no bill shall become a law without the concurrence of a majority of the members present."

It is contended that it does not appear from the journal entries of the House of Representatives that said bill was read on three several days in said House or that it was read at all, and that the journal entries do not show that the provisions of said section of the constitution requiring a bill to be read on three several days had been dispensed with.

The only other section of the constitution referring to legislative journals is sec. 13, art. 3, which is as follows:

"Each House shall keep a journal of its proceedings; and the yeas and nays of the members of either House on any question shall at the request of any three members present be entered on the journal."

That section requires that each House shall keep a journal of its proceedings, and specifically provides that at the request of three members the yeas and nays must be entered on the journal.

The journal entries of the Senate in regard to the passage of this bill by the Senate are not attacked in this proceeding, but the attack is directed against the journal entries of the House of Representatives. The House journal shows that Bill 92, containing the act in question, was introduced by Elliott and the entries in regard thereto are as follows:

"January 25, 1913.                                            Page 78.

". . . . INTRODUCTION, FIRST READING AND REFERENCE OF BILLS, JOINT RESOLUTIONS AND JOINT MEMORIALS.

"H. B. No. 92, by ELLIOTT.

"An Act entitled 'An Act to provide for the establishment of drainage districts, and the construction and maintenance of a system of drainage, and to provide for the means of payment of the costs thereof, and declaring an emergency.'

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The following bills were referred to their respective committees: . . . . H. B. No. 92. Water Ways and Drainage.
   "(Seal)                                . . . . . . . . . . . . . . . . . .

"January 27, 1913.                                           Page 81.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"REPORT OF STANDING COMMITTEES.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"Mr. Speaker: We, your Committee on Water Ways and Drainage, beg leave to report that we have considered H. B. No. 92 and recommend that same be printed.
                    "GILCHRIST, Chairman.
   "Report adopted.

.   .   .   .   .   .   .   .   .   .   .   .   .   .
"January 30, 1913.                                          Page 103.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"REPORT OF STANDING COMMITTEES.

"Mr. Speaker: We, your Committee on Printing, beg leave to report that we have had correctly printed H. B. Nos . . . . 92. . . . .

"WRIGHT, Chairman.

"Report adopted.

•    •    •    •    •    ⊚    ⊗    ▣    ⊛    ⊛    ⊚    •    •    •

"February 3, 1913.                         Pages 112–114.

"REPORT OF STANDING COMMITTEES.

•    •    •    •    •    •    •    •    •    •    •    •    •

"Mr. Speaker: We, your Committee on Waterways and Drainage, beg leave to report that we have considered H. B. Nos. 92 and . . . . recommend that they do pass.

"GILCHRIST, Chairman.

"Report adopted.

"(Seal)                    . . . . . . . . . . . . . . . . . .

"MOTIONS AND RESOLUTIONS.

•    •    •    •    •    •    •    •    •    •    •    •

"Moved by Elliott that all rules of the House interfering with the immediate passage of H. B. Nos. 92 . . . . be suspended; that the portions of section 15 of article 3 of the Constitution of the State of Idaho, requiring all bills to be read on three several days, be dispensed with, this being a case of urgency, and that H. B. Nos. 92 . . . . be read the second time by title and the third time at length, section by section, and be put upon their final passage.

"Seconded by Farmin.

"Moved by Ferguson as a substitute motion that the House Bills Nos. 92 . . . . be made a special order of business Wednesday, February 5th, at 3:00 o'clock P. M.

"Seconded by Dickinson.

"Motion for suspension of rules withdrawn by Elliott with the consent of his second.

"Moved by Elliott as a substitute to all pending motions, that House Bills Nos. 92 . . . . be made a special order of business Tuesday, February 4th, at 3:00 o'clock P. M.

"Seconded by Shattuck.

"Moved by Ferguson as an amendment to the substitute offered by Elliott that the two bills referred to be made a special order of business Wednesday afternoon at 3:00 o'clock, February 5th.

"Seconded by Parks.

"Motion lost.

"The question being, 'Shall the two bills be made a special order of business Tuesday, February 4th, at 3:00 o'clock P. M.,' a vote was taken with the result that the motion carried.

*    *    *    *    *    ▩    *    ⋆    ▨    *    ⅍    *    *    *

"February 4, 1913.                                    Page 127.

*    *    *    *    *    *    *    *    *    *    *    *

"MISCELLANEOUS AND UNFINISHED BUSINESS.

"House Bill No. 92 having been made a special order of business for the hour of 3 o'clock P. M., same is now before the House for consideration. The question being, 'Shall the bill pass?' The roll was called with the following result: [Here follows the names of those voting.]

"Total number of votes, 48. Ayes, 48. Nays, none. Absent and not voting, 12.

"And so the bill passed, title approved and the House Bill No. 92 was ordered transmitted to the Senate.

*    *    *    *    *    *    *    *    *    *    *    *

"February 18, 1913.                                   Page 214.

*    *    *    *    *    *    *    *    *    *    *    *

"CONSIDERATION OF MESSAGES FROM THE GOVERNOR AND SENATE.

*    *    *    *    *    *    *    *    *    *    *    *

"The following communication was received from the Senate:

"Mr. Speaker: I have the honor to transmit herewith House Bills Nos. 92 . . . . , which have passed the Senate.

                    "J. LOYAL ADKISON,

                    "Assistant Secretary of the Senate.

*    *    *    *    *    *    *    *    *    *    *    *

"February 19, 1913.          .          Pages 222, 224.

* * * * * * * * * * * * * *

## "REPORT OF STANDING COMMITTEES.

."Mr. Speaker: We, your Committee on Enrolled Bills, beg leave to report that we have had correctly enrolled, House Bills Nos. . . . . 92. . . . .

"CHANDLER, Chairman.

"Report adopted.

* . * . * . * . * . * . * . * .

"In the presence of the House, Speaker signed House Bills Nos. . . . . 92. . . . .

* . * . * . * . * . * ⱷ   ⸰ . * . * .

"February 20, 1913.          Page 226.

## "REPORT OF STANDING COMMITTEES.

* . * . * . * . * . * . * . * . * .

"Mr. Speaker: We, your Committee on Enrolled Bills, beg leave to report that we have had correctly enrolled House Bills Nos. . . . . 92 . . . . signed by the Speaker of the House and the President of the Senate and transmitted same to the Governor at 11 A. M. today.

"CHANDLER, Chairman.

"Report adopted.

* . * . * . * . * . ⱷ . ⸰ . ⸰ . * . * .

"February 21, 1913.          Page 241.

* . * . * . * . * . * . * . * . * . * .

## "CONSIDERATION OF MESSAGES FROM THE GOVERNOR AND THE SENATE.

* . * . * . * . * . * . * . * . * .

"Also a communication from the Governor received and read, advising that he had signed House Bills Nos. 92 . . . . , both by Elliott.

"Filed Oct. 23, 1913."

Said entries clearly show that the House of Representatives intended to and did pass said bill. There was no opposition to it; it was unanimously adopted; the yeas on its final pas-

sage were entered on the journal; there were no nays. The bill was duly enrolled and signed by the officers of the two Houses, approved by the Governor and filed in the office of the Secretary of State.

Now, under that state of facts, is it the duty of this court to hold that said law was not enacted in accordance with said provisions of the constitution?

In the case of *Cohn v. Kingsley,* 5 Ida. 416, 49 Pac. 985, 38 L. R. A. 74, in a majority opinion it was expressly held that the journal must affirmatively show that the provisions of the constitution in regard to the passage of any law were substantially followed by the legislature in the passage of an act, and that it will not be presumed that the legislature complied with the provisions of the constitution in the passage of an act unless it appears on the journal that it did so, and the failure of the journal to show that each step was taken is "conclusive evidence that it was not taken." In other words, it is there held that there is no presumption that the legislature complied with the provisions of the constitution in regard to the passage of a law unless the record on its face shows that it did so. The rule laid down in that decision is not in accord with the decided weight of authority upon this question. There are two distinct lines of authorities in regard to resorting to legislative journal entries to establish the passage of a law, and they establish two well-known rules which have been aptly termed by the courts as the "Enrolled Bill Rule" and the "Journal Entry Rule." The former was adopted from England, where there is no written constitution, and is followed by the supreme court of the United States and several of the states of the Union. This rule is that the enrolled bill, when properly signed by the presiding officer of both Houses and approved by the Governor, is conclusive evidence of the regularity of the passage of the law. Under that rule journal entries cannot be resorted to as evidence to prove the irregularity of the passage of a law.

In 36 Cyc., p. 950, it is declared: "Unless expressly so stated the journal is not required to show that a bill was

read at the times and in the manner prescribed by the constitution.''

In the case of *In re Ellis' Estate,* 55 Minn. 401, 43 Am. St. 514, 56 N. W. 1056, 23 L. R. A. 287, the court said: ''The absence from the journal of either House of an entry showing that a particular thing was done, is no evidence that it was not done, unless the constitution requires the entry to be made.''

It was held in *Hollingsworth v. Thompson,* 45 La. Ann. 222, 40 Am. St. 220, 12 So. 1, that if the constitution does not require the legislative journals to show that a particular thing necessary to the validity of the legislative act was done, silence will not invalidate the act. (*Ridgely v. Mayor,* 119 Md. 567, 87 Atl. 909; *People v. Leddy,* 53 Colo. 109, 123 Pac. 824; *State v. Erickson,* 39 Mont. 280, 102 Pac. 336.)

An extended note is appended to the case of *Atchison T. & S. F. Ry. Co. v. State,* 40 L. R. A., N. S., 1, which cites and groups many authorities touching upon the question under consideration.

After reviewing the authorities, the unquestioned weight of authority is to the effect that unless the journal affirmatively shows that some requirement of the constitution in the passage of a bill has been omitted, the presumption is that such requirement has been complied with, although the journal be silent in regard thereto, except when the constitution commands that such act be entered on the journal.

Under the journal entry rule, journal entries may be resorted to as evidence to prove either the regularity or the irregularity of the passage of a law. This court has adopted that rule. In the Cohn-Kingsley case, *supra,* it was held that the court might resort to the journal entries to ascertain whether a law has been properly passed. (See, also, *Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319.)

The journal entry rule concedes that the enrolled bill is *prima facie* evidence of the regularity of the passage of the law, but this line of authorities holds that the journal entries may be resorted to, and are proper evidence to determine whether or not a law was passed in accordance with the con-

stitutional requirements. This rule seems to be the accepted law in about thirty states of the Union.

In the case of *Rash v. Allen,* 1 Boyce (Del.), 444, 76 Atl. 370, the court has exhaustively discussed said rules.

In *State v. Hocker,* 36 Fla. 358, 18 So. 767, the court holds that if the journals of the legislature show explicitly, clearly and affirmatively that any essential constitutional requirement has not been complied with, "or if they fail to show any essential step in the process of enactment that the constitution expressly requires them to show—such, for example, as the entry of the ayes and noes upon the final passage of any bill in either House—then such journals would prevail as evidence, and the enrolled bill, as evidence of the law, would have to fall."

It is stated in Cooley's Constitutional Limitations, 7th ed., p. 195, that "it will not be presumed in any case, from the mere silence of the journals, that either House has exceeded its authority, or disregarded a constitutional requirement on the passage of the legislative acts, unless where the constitution has expressly required the journals to show the action taken, as, for instance, where it requires the yeas and nays to be entered."

As stated by Judge Cooley, it will not be presumed in any case from the mere silence of the journals that the legislature exceeded its authority or disregarded a constitutional requirement in the passage of legislative acts. The journal of the House, as above quoted, does not show that in the passage of said act the provisions of the constitution requiring it to be read on three several days in each House prior to its passage had been dispensed with, but since the provisions of the constitution do not expressly require the entry of such suspension on the journal, it will not be presumed that the House disregarded said provisions of the constitution in the passage of said act; but it will be presumed that said constitutional provision was complied with by the House in the passage of said act, and the rule laid down in the Cohn-Kingsley case, *supra,* is hereby modified to the extent that the legislature will be presumed to have done each act required by the con-

stitution in the passage of an act, unless it affirmatively appears by the journal that it has failed to do so. Since the journal of the House does not show affirmatively that said provisions of the constitution were not complied with in the passage of the act under consideration, this court presumes that it did comply with said provisions in the passage of said act and that said act was passed in accordance with the provisions of the constitution, and is valid.

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

Costs awarded to the appellant.

Truitt, J., concurs.