(April 26, 1916.)

## STATE, Respondent, v. L. E. BIRD, Appellant.

[156 Pac. 1140.]

CITIES AND VILLAGES — POWERS — ORDINANCES — VOID IN PART—FINES
AND IMPRISONMENT.

1.  The facts in this case held sufficient to sustain a judgment of conviction.

2.  The portion of ordinance No. 77 of the village of Post Falls wherein it is attempted to provide for imprisonment in the village jail, except for default in the payment of a fine and costs, is in excess of the village powers, and is void.

3.  If one provision of an enactment is invalid and the others valid, the latter are not affected by the void provision, unless they are plainly dependent upon each other and so inseparably connected that they cannot be divided without defeating the object of the ordinance or statute.

4.  *Held*, that the portion of said ordinance wherein it is attempted to provide for imprisonment, except for default in the payment of a fine and costs, may be stricken out, and will be disregarded and the remaining provisions enforced.

[As to validity of sentence not authorized by law, see note in 55 Am. St. 264.]

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Appellant was convicted of a violation of ordinance No. 77 of the village of Post Falls. *Affirmed.*

Elder & Elder, for Appellant.

When the municipal authorities have no power to make a municipal regulation, it is void, although the regulation in itself is reasonable, just and proper, and even necessary for the preservation of peace and good order. (*Taylor v. District of Columbia*, 24 App. (D. C.) 392.)

A municipality cannot pass an ordinance in the absence of express legislative authority which contravenes the law of the state, and such authority cannot be inferred. (*Moran v. City*

*of Atlanta,* 102 Ga. 840, 30 S. E. 298; *State v. Godfrey,* 54 W. Va. 54, 46 S. E. 185.)

An ordinance which conflicts with the state law is void. (*Ex parte Cross,* 44 Tex. Cr. 376, 71 S. W. 289.)

In the absence of express charter powers, a city has no authority to impose a penalty on one engaging in business. (*City Council of Augusta v. Clark & Co.,* 124 Ga. 254, 52 S. E. 881.)

Where a municipality works to uphold an ordinance by virtue of its incidental power, or under a general grant of authority, it will be declared invalid and void unless the ordinance is reasonable, fair and impartial. (*Pittsburgh etc. Ry. Co. v. Crown Point,* 146 Ind. 421, 45 N. E. 587, 35 L. R. A. 684; *State v. Godfrey,* 54 W. Va. 54, 46 S. E. 185; *City of Elkhart v. Lipschitz,* 164 Ind. 671, 74 N. E. 528.)

W. F. Morrison, E. N. La Veine and N. D. Wernette, for Respondent.

An unconstitutional provision in an ordinance does not vitiate the whole ordinance unless the two provisions are so closely connected in subject matter that the one cannot exist without the other and the object of the law accomplished as intended by the law-making body. Furthermore, it will never be presumed that a law-making body intended to enact an unconstitutional provision in a law or ordinance, and therefore if one is found therein, the courts will, if possible, sustain the validity of the ordinance by treating the unconstitutional provision as surplusage. (*Knight v. Trigg,* 16 Ida. 256, 261, 100 Pac. 1060; *Gillesby v. Board of County Commrs.,* 17 Ida. 586, 107 Pac. 71.)

By-laws forbidding certain acts within the scope of the charter powers, but affixing constitutional as well as unconstitutional penalties, are sustained in all features except the unconstitutional penalty. (28 Cyc. 374; *Keokuk v. Dressell,* 47 Iowa, 597; *Town of Eldora v. Burlingame,* 62 Iowa, 32, 17 N. W. 148; *State v. Cantieny,* 34 Minn. 1, 24 N. W. 458; *City of Elk Point v. Vaughn,* 1 Dak. 113, 46 N. W. 577; *Templeton v. City of Tekamah,* 32 Neb. 542, 49 N. W. 373;

*Seattle v. Pearson,* 15 Wash. 575, 46 Pac. 1053; *Shook v. Sexton,* 37 Wash. 509, 79 Pac. 1093.) When the constitutionality of a law has been attacked, unless the alleged unconstitutional feature of the law is involved or has affected the party seeking to attack it upon the ground of its unconstitutionality, the court will not consider the validity or invalidity of such feature. (*Gillesby v. Board of County Commrs., supra; State v. Mulkey,* 6 Ida. 617, 59 Pac. 17; *In re Abel,* 10 Ida. 288, 77 Pac. 621; *Seattle v. Pearson,* 15 Wash. 575, 46 Pac. 1053.)

MORGAN, J.—Appellant was convicted in the justice's court of Post Falls precinct, Kootenai county, of engaging in and carrying on the business of poolselling and bookmaking upon horseraces within the village of Post Falls without having first procured a license so to do, in violation of ordinance No. 77 of that village. He appealed to the district court, where, by agreement of the parties, the case was tried by the judge, without a jury, and was submitted upon oral and documentary evidence and upon a stipulation of the parties, wherein it was agreed as follows:

"That the above-named defendant was arrested on or about the 19th day of April, 1913, charged with violating an ordinance of the village of Post Falls; that the defendant contends that the village of Post Falls was never duly, regularly or lawfully organized under the laws of the state of Idaho, or in any manner; and the defendant further claims that the land and premises where he was operating were not within the incorporated limits of the village of Post Falls, and that said village, if it ever acquired jurisdiction over said land, had lost its said right and authority by reason of its failure to exercise taxing power, police control or jurisdiction of any kind or character over said land.

"The defendant further contends that the village of Post Falls had no authority, right or jurisdiction to enact ordinance number 77 of the village of Post Falls; and that the said ordinance did not have any force or effect on or over the premises where the defendant was operating.

"It is hereby stipulated and agreed and understood that all the agreements and admissions in this stipulation are made with the express understanding that if the court shall inquire into and decide the question hereinbefore submitted, that this agreement shall be binding upon the defendant, but if the said court shall determine that it has no jurisdiction to inquire into the matters hereinbefore mentioned, and has no jurisdiction to inquire into the validity of the incorporation of the village of Post Falls, and no jurisdiction to inquire into the fact as to whether or not the land where said defendant was operating, was within the incorporated limits of the village of Post Falls, and has no jurisdiction in this proceeding to determine into the contentions made by the said defendant as above outlined, then this agreement shall be null and void, and of no force and effect.

"With this express understanding, the defendant admits that on or about the 19th day of April, 1913, he was engaged in selling pools on horseraces at the race-track of the Coeur d'Alene Fair and Racing Association, on the following described premises. [Here follows a description of the grounds of said association.]

"It is further understood and agreed that if the court shall decide that he has no jurisdiction to inquire into the matters and contentions herein made and set forth by the defendant, then this stipulation shall be null and void, and of no force and effect, and the said defendant shall not be bound in any manner by reason thereof."

Pursuant to the stipulation the court made findings of fact, wherein appellant's various contentions were resolved against him and, as a conclusion of law, found him to be guilty of violating ordinance No. 77 of the village of Post Falls, as charged in the complaint, whereupon it was adjudged that he pay a fine of $50 and costs of prosecution. This appeal is from that judgment and from an order denying his motion for a new trial.

It is very apparent from the record that it is the desire of the parties to procure a decision in this case which will determine whether or not the village has a right to exact the

payment of a license fee from persons who were engaged in racing horses and selling pools upon races at the grounds of the Coeur d'Alene Fair and Racing Association at a time prior to the enactment of the law prohibiting that form of gambling. (Sess. Laws 1913, p. 327.)

Efforts to procure the adjudication, in criminal cases, of questions other than as to the guilt or innocence of the accused, and the making of findings of fact and conclusions of law in such cases, a proceeding unknown to the Idaho practice, are not to be encouraged, but since this case was tried, at the instance of the parties, and determined in the manner above stated, we will say we find the facts disclosed by the record amply sufficient to sustain the findings of the trial judge and that the questions of law presented were correctly decided by him.

Appellant has presented in this court the additional contention that the ordinance under which this prosecution was commenced is void, in that it provides for the punishment of those who violate it by a fine of not less than $50 nor more than $100, together with costs of prosecution, or by imprisonment in the village jail not to exceed three months, and that in case of default in the payment of the fine and costs, a party convicted shall be confined in the village jail and at hard labor upon the streets at the rate of one day for every two dollars of said fine and costs, or until the same is paid.

The eleventh subdivision of sec. 2238, Rev. Codes, as amended by chap. 81, Sess. Laws 1911, p. 276, granting powers to cities and villages provides that they may "enforce all ordinances by inflicting fines or penalties for the breach thereof, not exceeding One Hundred Dollars ($100) for any one offense, recoverable with costs, and, in default of payment to provide for confinement in prison or jail, and at hard labor upon the streets or elsewhere for the benefit of the city or village."

It is clear that the portion of the ordinance wherein it is attempted to provide for imprisonment in the village jail, except for default in the payment of a fine and costs, is in excess of the village powers and is void, but it is equally clear

that the invalid portion of the ordinance may be disregarded without defeating the manifest purpose of the village trustees which was to provide for the collection of license fees from persons who engaged in the business of bookmaking and poolselling within the village limits, and to enforce the payment thereof.

The rule is that if one provision of an enactment is invalid and the others valid, the latter are not affected by the void provision, unless they are plainly dependent upon each other, and so inseparably connected that they cannot be divided without defeating the object of the ordinance or statute. (*Epperson v. Howell*, 28 Ida. 338, 154 Pac. 621, and authorities therein cited.)

The portion of this ordinance wherein it is attempted to provide for imprisonment, except in case of default in the payment of the fine and costs, may be stricken out and will be disregarded, and the remaining provisions enforced.

The judgment of the district court is affirmed and costs are awarded to respondent.

Sullivan, C. J., and Budge, J., concur.