(January 6, 1917.)

GUS CARLSON et al., as Board of County Commissioners of Ada County, Appellants, v. D. C. MULLEN et al., and TRUSTEES OF SCHOOL DISTRICT No. 47, Respondents.

[162 Pac. 332.]

SCHOOL DISTRICTS — INDEPENDENT SCHOOL DISTRICTS — CREATION — SIGNERS—PETITION—SUFFICIENCY OF—STATUTORY CONSTRUCTION— CONSTITUTIONALITY—INVALID IN PART.

1. Under the provisions of chapter 159 of the Sess. Laws 1911, at page 483, it was the intention of the legislature to provide for the organization and creation of independent school districts and school districts, and to provide a distinct procedure for the creation and organization of both independent school districts and school districts, and to classify such school districts separately in said act, which is a complete code and system for the creation, government and regulation of both classes.

2. *Held*, that sec. 47b, chapter 159, Sess. Laws 1911, as amended by chapter 119, Sess. Laws 1913, at page 462, subdivision "b," is constitutional, and applicable to the organization of school districts; the words "or independent school districts" in said section are in no way dependent upon or inseparably connected with the balance of the section, and may be properly considered as surplusage and void.

3. Where a word, clause or sentence appears in a statute which clearly defeats the intention of the legislature and which may be stricken out or entirely omitted without in any manner defeating the object or purpose of the statute, and where the intention of the legislature can be definitely determined from the statute with the word, clause or sentence stricken out, this may be done.

[As to rules for the construction of statutes, see note in 12 Am. St. 826.]

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to determine the legality of School District No. 63, created in part out of School District No. 47. *Affirmed.*

R. L. Givens and E. P. Barnes, for Appellants.

The case of *Wood v. Independent School District*, 21 Ida. 734, 124 Pac. 780, clearly holds that there is a vast distinc-

tion between independent school districts and ordinary school districts, and that art. 13 of the school law of 1911, chapter 159, controls as to independent districts, while art. 5, in which is found section 47, controls as to ordinary school districts.

Under the rule in *Epperson v. Howell*, 28 Ida. 338, 345, 154 Pac. 621, it is clearly impossible to separate or split up this statute to give it the effect contended for by defendants, for not only would the law have to be segregated, but it would be necessary under subdivision B of section 47, on page 463 of the 1913 Session Laws, to separate a sentence and strike out the words, "Independent School Districts."

If the supreme court were to adopt the theory advocated by defendants, that we could perforce pick and choose a word here and a word there, the meaning of a paragraph or a law could be so destroyed and changed as to entirely nullify the will of the legislature. That is not the theory upon which the courts have decided cases of this kind.

Martin & Cameron, for Respondents.

Where a part only of a statute' is unconstitutional and therefore void, the remainder may still have effect under certain conditions. (*Epperson v. Howell*, 28 Ida. 338, 154 Pac. 621; *In re Abel*, 10 Ida. 288, 77 Pac. 621.)

The rule may apply where the parts in question are in the same section, provided the separation can be accomplished without rewriting the act. (36 Cyc. 977, n. 27; 44 Cent. Dig.. tit. "Statutes," 58.)

BUDGE, C. J.—A petition for a new school district, to be created in part from district No. 47, was presented by A. M. Powell and others to the board of county commissioners of Ada county. The petition was signed by the parents or guardians of ten children of school age who were residents of the proposed new district. The commissioners granted the prayer of the petition and entered their order whereby they undertook to create a new school district, to be known as district No. 63. From this order of the commissioners the trus-

tees of school district No. 47 appealed to the district court in and for Ada county, where said order was reversed.

This appeal is prosecuted from the judgment thus made and entered by the district court. We are first met with a motion made in this court to dismiss the appeal on the ground that no undertaking on appeal was filed or served by the appellants, as required by secs. 4808 and 4809, Rev. Codes. Since, however, this case will be disposed of upon another ground, we have concluded neither to discuss nor determine the question upon the motion to dismiss the appeal for failure to file and serve the undertaking on appeal.

So far as the merit of this case is concerned, the sole and only question in issue is the sufficiency of the petition presented to the commissioners, as regards the number of children of school age whose parents or guardians were signers of said petition.

It is the contention of appellant that sec. 47b, chapter 159, Sess. Laws 1911, as amended by Sess. Laws 1913, at page 436 (which section will hereafter be referred to as "the former section"), is now the law and in force, and controls in so far as the number of children of school age, who are residents of the proposed new district and whose parents or guardians are signers of the petition, is concerned. Said section provides: "A petition for a new district to be created out of unorganized territory, or to be created by the division of one district only, shall be sufficient if signed by the parents or guardians of ten (10) or more children of school age who are residents of the proposed new district, and no further signers shall be required. . . . . "

While, upon the other hand, it is the contention of the respondent that sec. 47b, chapter 159, Sess. Laws 1911, as amended by the Sess. Laws 1913, at page 462 (which section will hereafter be referred to as "the latter section"), is the present law governing the creation of school districts, wherein it is provided: "A petition for a new district, whether to be created from unorganized territory or in part from territory embraced within the boundaries of one (1) or more school districts or independent school districts shall be sufficient if

signed by the parents or guardians of fifteen (15) or more children of school age who are residents of the proposed new district, and no further signers shall be required. . . . . "

Counsel for appellant insists that the latter section is unconstitutional and void, because it confuses "independent school districts" and "school districts," and because it attempts to amend or change the formation of independent school districts, the procedure for which is laid down in art. 13, chapter 159, Sess. Laws 1911, without having a sufficient title to the act to authorize such change and without any reference being made to such chapter.

From the foregoing statutory provisions, considered as a whole, it is quite evident that it was the intention of the legislature to keep the procedure as to the organization and creation of independent school districts and school districts separate, but we do not think that it necessarily follows that the latter section must be held to be wholly void and the former sustained in order to accomplish this purpose. Neither do we agree with counsel's contention, that by striking out the words "or independent school districts" from the latter section the will of the legislature will be nullified. An examination of the latter amendment discloses the fact that it has to do with ordinary school districts, and, with the exception of the clause "or independent school districts," deals with and has reference to the organization and change of boundaries of school districts. By striking out of the latter section the four words, "or independent school districts," we have a complete act, governing the formation of school districts, and we think these four words may be properly considered as surplusage. If the former act of which the latter section is amendatory had reference to independent school districts. there might be some merit in counsel's contention. We think the general rule to be, that where a word, clause or sentence appears in a statute, which clearly defeats the intention of the legislature and which may be stricken out or entirely omitted without in any manner defeating the object or purpose of the statute, and where the intention of the legislature can be definitely determined from the statute, with the word,

clause or sentence stricken out, this may be done. And there can be no reason for the rule contended for by counsel, namely, that if some provision or a particular word or sentence of a paragraph in a statute is invalid, it necessarily follows that the entire statute is invalid. On the contrary, we think that under such circumstances the invalid part of the statute may be separated from the valid part, where this can be done without defeating the object or the purpose of the statute. An examination of the latter section discloses the fact that the words ''or independent school districts'' may be lifted out of the section and it stands complete, and that these words are in no way dependent upon or inseparably connected with the balance of the section.

The most recent expression of this court upon this point is found in *Epperson v. Howell*, 28 Ida. 338. At page 345 (154 Pac. 621), the court quotes and approves the following quotation from Lewis' Sutherland on Statutory Construction, par. 296: ''Where a part only of a statute is unconstitutional, and therefore void, the remainder may still have effect under certain conditions. . . . . The point or test is . . . . whether they are essentially and inseparably connected in substance. If so connected, the whole statute is void.

''If one provision of an enactment is invalid and the others valid, the latter are not affected by the void provisions unless they are plainly dependent upon each other, and so inseparably connected that they cannot be divided without defeating the object of the statute. And the converse is true.''

This principle of statutory construction is also quoted and approved in *Gillesby v. Board of County Commrs.*, 17 Ida. 586, 107 Pac. 71, where the court says: ''This court will not hold an entire act void or unconstitutional by reason of the fact that a section may be unconstitutional and void, where the latter is distinct and separable from the remaining provisions of the act and could be omitted and leave the act complete within itself and capable of being carried into effect, so as to accomplish the object of the law as intended by the legislature.''

Also, see *In re Abel,* 10 Ida. 288, 292, 77 Pac. 621, where the court says: "But that objectionable feature of said section does not render the whole act unconstitutional and void, as the remaining part of the act is capable of being executed in accordance with the apparent legislative intent wholly independent of that portion. . . . . "

In *State v. Westerfield,* 23 Nev. 468, 49 Pac. 119, it is held: "That though the last clause of section 34 is in conflict with the constitution, and void, the remainder of the section is not affected by such fact, and makes a valid appropriation."

For other cases and authorities see: 36 Cyc. 976, and cases cited; note, 1 L. R. A. 363, "Statute in Part Valid and in Part Invalid," and cases therein cited; *State v. Smiley,* 65 Kan. 240, 69 Pac. 199, 202, 67 L. R. A. 903, and cases cited; Cooley on Constitutional Limitations, pp. 246, 247, and cases cited; *People v. Knopf,* 183 Ill. 410, 56 N. E. 155, 159, and *State v. Stuht,* 52 Neb. 209, 217, 71 N. W. 941, 943.

After a careful analysis of these authorities it cannot be doubted but that a phrase or clause may be stricken out of a statute, provided that clause is foreign to the intent and purpose of the legislature, and is not so interwoven in meaning and construction with the remainder of the statute as to leave it without meaning and unintelligible after the disputed clause has been eliminated. We have concluded, therefore, that the words "or independent school districts" as they appear in sec. 47b, chapter 119, Sess. Laws 1913, are not necessary to carry out the intention of the legislature, nor to the validity of the amendment. These words are totally independent of the remainder of the statute and are not germane to it nor to its purpose, and, therefore, only the clause "or independent school districts" is held to be surplusage and void; the remaining part of the statute is valid. The decision of the district court is *affirmed.* Costs awarded to respondent.

Morgan, J., concurs.