(September 20, 1919.)

## CHARLES STOREY, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellant.

[183 Pac. 990.]

ATTORNEY AND CLIENT—STIPULATION OF COUNSEL—TRIAL.

1. C. L., sec. 3998, subd. 1, refers to stipulations and agreements concerning the conduct and management of an action pending at the time the stipulation was made.

2. An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, but has not power to compromise or release the cause of action itself.

3. An attorney employed to prosecute or defend in one action has no authority, by virtue of such employment, to compromise or settle another cause of action.

4. Ratification by a client of the unauthorized act of his attorney cannot be inferred in the absence of knowledge of all the material facts on the part of the principal.

[As to stipulations and admissions of attorney, see note in 132 Am. St. 155.]

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Carl A. Davis, Judge.

Action on injunction bond.   Judgment for plaintiff.   *Affirmed.*

S. L. Hodgin and J. T. Pence, for Appellant.

Sec. 3998, Rev. Codes, does not apply to executed contracts, nor does it apply where the opposing party has surrendered some valuable right. (*Smith v. Whittier,* 95 Cal. 279, 30 Pac. 529; *Blackwood v. Cutting Packing Co.,* 71 Cal. 461, 12 Pac. 493; *Hawes v. Clark,* 84 Cal. 272, 24 Pac. 116; *Reclamation District v. Hamilton,* 112 Cal. 603, 44 Pac. 1074; *Daneri v. Gazzola,* 2 Cal. App. 351, 83 Pac. 455.)

"Although the attorney may not have had authority to enter into a compromise, yet if the party subsequently ratified such an act by him, it will be immaterial that he previously acted without authority." (Clark & Skyles on Agency, sec. 646; *Denney v. Parker,* 10 Wash. 218, 38 Pac. 1018; *Gemberling v. Spalding,* 104 Mich. 217, 62 N. W. 342; *Mayer v. Foulkrod,* 4 Wash. C. C. 503, Fed. Cas. No. 9342.)

The client may ratify an unauthorized compromise, release, satisfaction of judgment, acceptance of payment, of his client's demands, otherwise than in money, or the taking of less than the full amount due thereon. (*Sebastian v. Rose,* 135 Ky. 197, 122 S. W. 120; Thornton, Attorneys at Law, secs. 211, 212; *Stowe v. United States,* 19 Wall. (U. S.) 13, 22 L. ed. 144, see, also, Rose's. U. S. Notes.)

It is admitted that respondent received some of the rewards of the settlement made by his attorney, and he will not be permitted to accept in part and repudiate in part. He must ratify the settlement *in toto,* or not at all. (Clark & Skyles on Agency, sec. 108; *Bowman v. Ayers,* 2 Ida. 465, 21 Pac. 405; *Independent School Dist. v. Collins,* 15 Ida. 535, 128 Am. St. 76, 98 Pac. 857; *Bishop v. Stewart,* 13 Nev. 25; *Gay v. Alter,* 102 U. S. 79, 26 L. ed. 48, see, also, Rose's U. S. Notes.)

Martin & Martin, for Respondent.

An attorney has no power to release or discharge his client's judgment or claim without actual payment or satisfaction in full. (Clark & Skyles on Agency, sec. 648 (d), p. 1425; *Wheeler v. Alderman,* 34 S. C. 533, 27 Am. St. 842, 13 S. E. 673; *Watt v. Brookover,* 35 W. Va. 323, 29 Am. St. 811, 13 S. E. 1007; *Tobler v. Nevitt,* 45 Colo. 231, 132 Am. St. 142, 16 Ann. Cas. 925, 100 Pac. 416, 23 L. R. A., N. S., 702; *Bigler v. Toy,* 68 Iowa, 687, 28 N. W. 17; *Gibson v. Nelson,* 111 Minn. 183, 137 Am. St. 549, 126 N. W. 731, 31 L. R. A., N. S., 523; *Sonnebom v. Moore,* 105 Ga. 497, 30 S. E. 947; *Kaiser v. Hancock,* 106 Ga. 217, 32 S. E. 123.)

An attorney has no authority to waive his client's rights or to release his claims or causes of action. (*Moulton v. Bowker,*

115 Mass. 36, 15 Am. Rep. 72; *Richardson Drug Co. v. Dunagan,* 8 Colo. App. 308, 46 Pac. 227.)

A ratification cannot take place without full knowledge of all the material facts. (31 Cyc. 1253; *Findlay v. Hildenbrand,* 17 Ida. 403, 105 Pac. 790, 29 L. R. A., N. S., 400.)

One has no right to dismiss an appeal relying upon an unauthorized settlement. (*Stocking v. Knight,* 19 Ill. App. 501.)

RICE, J.—On May 22, 1911, Charles Storey, the respondent herein, obtained a judgment in the district court against Elias Marsters in the sum of $2,871.67. To enforce his judgment, he caused a writ of execution to issue and to be placed in the hands of the sheriff, who levied upon certain real property and advertised it for sale. Thereupon, Addie Marsters, wife of the judgment debtor, caused a writ of injunction to issue out of the district court, restraining Storey and the sheriff from selling the property levied upon, she claiming that it was her separate property, and not liable to execution for her husband's debts. A trial was had, and a decree entered dissolving the injunction. Addie Marsters thereupon perfected an appeal of the injunction action to this court. While this appeal was pending, C. F. Koelsch, attorney for Elias Marsters, made overtures to Martin & Martin, attorneys for Storey, for settlement of the judgment against Marsters. Thereafter, with the consent of his wife, Marsters paid the judgment, and caused her appeal to be dismissed.

After payment of the judgment, and dismissal of the appeal, Storey brought action against appellant on the injunction bond for the recovery of attorney's fees expended by him in procuring dissolution of the injunction. Appellant answered, denying the allegations of the complaint and alleging affirmatively that its obligation on the bond, if any was incurred, was waived by means of a compromise made between the attorneys for Storey and Marsters, which resulted in the payment of the judgment against Elias Marsters and dismissal of the Addie Marsters appeal.

Upon the trial of the action, Mr. Koelsch testified that prior to the payment of the judgment by Mr. Marsters, he had a con-

versation with T. L. Martin, of the firm of Martin & Martin, attorneys for Storey, in substance as follows: That he said to Mr. Martin, "If I can get Mr. Marsters to pay the judgment, will you hold him any further, or will you hold him on the injunction bond?" To which Mr. Martin replied, "We ought to, but if you see that the judgment is paid, we will drop that." It is not contended that Storey had previously authorized Mr. Martin to make any such agreement.

Upon motion of respondent, the foregoing testimony, as well as all other testimony relating to the conversation or agreement between Mr. Koelsch and Mr. Martin, was stricken by the court. Judgment was entered for the plaintiff. The appeal is from the judgment.

Respondent contends that evidence of the alleged agreement or stipulation, waiving the right of action on the injunction bond, was not admissible because not reduced to writing and filed in court, and invokes the protection of C. L., sec. 3998, which is as follows:

"An attorney and counsellor has authority:

"1. To bind his client in any of the steps of an action or proceeding, by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise.

"2. To receive money claimed by his client in an action or proceeding during the pendency thereof, or after judgment, unless a revocation of his authority is filed, and upon the payment thereof, and not otherwise, to discharge the claim or acknowledge satisfaction of the judgment."

We think that subd. 1 of the section quoted has no application to the alleged agreement in this case. The alleged stipulation or agreement was not made in this action, but in another independent action. This action was not commenced at that time. This statute has reference to stipulations concerning the conduct and management of the action itself, made during the pendency of the action, and has no reference to stipulations or agreements between counsel with reference to matters not involved in the pending litigation.

But aside from the statute, the attorney had no authority to bind his client in the matter of the release of his right of

action on the bond. The record is silent as to whether the relationship of attorney and client existed at the time the alleged agreement was made with reference to the matter involved in this suit.

The rule generally accepted in this country is to the effect that an attorney has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, but has no power to compromise or release the cause of action itself. (*Moulton v. Bowker*, 115 Mass. 36, 15 Am. Rep. 72; *Tobler v. Nevitt*, 45 Colo. 231, 132 Am. St. 142, and note, 16 Ann. Cas. 925, 100 Pac. 416, 23 L. R. A., N. S., 702; *Bigler v. Toy*, 68 Iowa, 687, 28 N. W. 17; *Gibson v. Nelson*, 111 Minn. 183, 137 Am. St. 549, 126 N. W. 731, 31 L. R. A., N. S., 523, and note; *Pomeroy v. Prescott*, 106 Me. 401, 138 Am. St. 347, 21 Ann. Cas. 574, and note, 76 Atl. 898; Thornton on Attorneys at Law, sec. 215.)

If this principle be true when applied to causes of action involved in litigation, there can be no question that an attorney employed to prosecute or defend in one action has no authority, by virtue of such employment, to compromise or settle another cause of action. (*Marbourg v. Smith*, 11 Kan. 554.)

There is no evidence in the record that respondent ratified the unauthorized agreement of his attorney. It is true that he received the proceeds of the judgment, but he received no more than was due thereon. The record shows that he had no knowledge of any agreement to waive his right of action on the bond. Ratification by conduct cannot be inferred in the absence of knowledge of all the material facts on the part of the principal. (*United States v. Beebe*, 180 U. S. 343, 21 Sup. Ct. 371, 45 L. ed. 563, see, also, Rose's U. S. Notes; *Findlay v. Hildenbrand*, 17 Ida. 403, 105 Pac. 790, 29 L. R. A., N. S., 400.)

The court committed no error in sustaining the motion to strike the testimony with reference to the alleged stipulation or agreement.

We find no reversible error in the record. The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.