(November 3, 1923.)

THE TURNER AGENCY, a Copartnership Composed of
H. R. TURNER, R. S. TURNER and C. H. GUNTER,
Doing Business Under the Firm Name and Style of
Said TURNER AGENCY, at Pocatello, Bannock
County, Idaho, Appellants, v. W. L. PEMBERTON,
Respondent.

[221 Pac. 133.]

SALE OF BUSINESS—RECOVERY OF BALANCE OF PURCHASE PRICE—MIS-
REPRESENTATION—COUNTERCLAIM—REPRESENTATION AS TO BOOKS
OF ACCOUNT—KNOWLEDGE OF FALSITY—FACTS PECULIARLY WITHIN
KNOWLEDGE OF VENDOR.

1. A claim for damages arising out of misrepresentation by
the vendor may be set up by the vendee as a counterclaim in an
action for the balance of the purchase price.

2. Upon the sale of an insurance business, a representation
by the vendor that the books of account correctly show the
amounts owing to insurance companies, and the bills receivable,
is actionable, if untrue, and relied on by the vendee, even though
it is not shown that it was made wilfully and with knowledge of
its falsity.

APPEAL from the District Court of the Fifth Judicial
District, for Bannock County. Hon. O. R. Baum, Judge.

Action for cancelation of promissory note and damages.
Cross-complaint on note. Judgment for defendant on cross-
complaint. *Reversed.*

Peterson & Coffin and H. R. Turner, for Appellant.

The phrase in subd. 6, sec. 6888, C. S., to the effect that
a decision is "against law" applies particularly to a case
where the trial court has failed to find upon all of the
material issues. (*Brown v. Macey,* 13 Ida. 451, 90 Pac. 339.)

Budge & Merrill, for Respondent.

A purchaser of personal property cannot avoid payment
of a note given as part of the purchase price on the ground

of fraud and deceit without rescinding the contract and tendering back the property purchased. (*Caldwell v. Ruddy,* 2 Ida. 1, 1 Pac. 339; *Cowen v. Harrington,* 5 Ida. 329, 48 Pac. 1059; *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 204; *Daniels v. Englehart,* 18 Ida. 548, 111 Pac. 3, 39 L. R. A., N. S., 938; *Harshbarger v. Eby,* 28 Ida. 753, Ann. Cas. 1917C, 753, 156 Pac. 619; *Moyer v. Hyde,* 35 Ida. 161, 204 Pac. 1068.)

A failure of the court to find upon an immaterial issue, or upon an issue which would not change the result of the lawsuit if a finding were made, is not cause for a reversal. (*In re Adams Estate,* 128 Cal. 380, 57 Pac. 569, 60 Pac. 965; *Southern Pac. R. R. Co. v. Dufour,* 95 Cal. 615, 30 Pac. 783, 19 L. R. A. 92; *Darling Milling Co. v. Chapman,* 131 Mich. 684, 92 N. W. 352; *Louvall v. Gridley,* 70 Cal. 507, 11 Pac. 777; *Tage v. Alberts,* 2 Ida. 249, 13 Pac. 19; *Kent v. Richardson,* 8 Ida. 750, 71 Pac. 117; *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *State v. Baird,* 13 Ida. 126, 89 Pac. 298; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374.)

McCARTHY, J.—This is an action by appellants to procure the cancelation of a promissory note and for damages. The complaint alleges that appellants agreed to buy and respondent to sell an incorporated insurance business, which respondent conducted, and of which he owned practically all the stock; that the balances owing to and owed by said corporation, as shown on its books, were used as a basis in arriving at the purchase price; that respondent wilfully, fraudulently, knowingly and wrongfully represented to appellants that said books of account correctly showed said balances; that said books of account did not correctly show said balances; but on the contrary $876.39, owing to the insurance companies for which the corporation was acting as agent, was not shown on the books, and $276.09 in bills receivable which the books showed to be owing had been collected; that appellants believed and relied upon these representations of respondent; that appellants executed and delivered to respondent in part payment of the purchase

price a promissory note for $1,000; that respondent is insolvent. This note appellants sought to have canceled but they also asked for damages. By way of answer respondent denied all the material allegations of the complaint and also filed a cross-complaint seeking to recover on the note in question. By way of answer to the cross-complaint, and also as a counterclaim, appellants set up the same matters contained in their complaint. So far as the question of misrepresentation is concerned the only finding of the court is that respondent did not make the representations set forth in the complaint wilfully, fraudulently, knowingly or wrongfully or with intent to cheat or deceive appellants. Judgment was for appellants on the cross-complaint for the full amount of the note and interest and attorney fee. The appeal is from an order denying a motion for a new trial.

The only assignment of error is that the decision is against law in that the court failed to find on all the material issues, the specific point being that the court failed to find whether respondent made the representations charged in regard to the books of account and whether such representations were untrue. If the point be well taken it is ground for reversal, and it can be raised under the assignment that the decision is against law.

"Failure to find on all the material issues upon which evidence was introduced is error for which a new trial will be granted.

"Where a judgment is entered upon findings which do not determine all the material issues raised by the pleadings with respect to which evidence was introduced, the decision is against law and a new trial may be granted on that account." (*Brown v. Macey,* 13 Ida. 451, 90 Pac. 339.)

Respondent's first contention is that appellants were not entitled to any relief, because they neither alleged in their complaint nor proved that they have tendered back the stock of the corporation and control of the business, which passed to them upon the sale. In support of this contention they rely upon *Cowen v. Harrington,* 5 Ida. 329, 48 Pac.

1059. In that case the facts were that defendant bought a placer claim of plaintiff, paying him $1,500 in cash, and giving two promissory notes for the balance. He subsequently discovered that certain representations made by plaintiff were false. In an action upon the promissory notes defendant set up the fraud as a defense. The supreme court held that the lower court correctly struck the answer, because it did not allege that defendant had offered to rescind the contract and restore the property to the plaintiff. The court says:

"When one has been defrauded in making a contract, he must rescind the same and offer to restore the party to his original rights within a reasonable time after the discovery of the fraud, or he may affirm the contract and claim damages for the injury, neither of which did the defendant do."

This is a sound rule, but it was misapplied to the facts of that case. The defendant was not seeking to rescind the contract. He had paid a substantial amount and did not seek to recover it. He sought to defend the action for the balance on the ground that he had been damaged by the false representations of the plaintiff in an amount equal to the balance of the contract price. If he had the right to sue for damages on that ground, as the court says, there is no reason why he should not have the right to defend on the same ground. If the vendee seeks to entirely avoid the payment of the purchase price, then he must tender back the property unless he can prove it is of no value. But, if he has paid something, he should be allowed to defend an action for the balance of the purchase price on the ground that it was equaled or exceeded by damages which he has suffered. So far as the allegations of the complaint are concerned it does not appear that appellants had made any payment. The pleading is consistent with the idea that they seek to keep the property and pay nothing for it, and there is no allegation that it is worthless. Therefore, perhaps the complaint does not state a cause of action for the cancelation of the note. It must be remembered,

however, that they also ask for damages, and the complaint does state a cause of action on that score. If the allegations of the complaint and the proof entitle a plaintiff to any relief he should be granted it. However, these considerations become immaterial when we come to the cross-complaint and answer to it. It appears from these pleadings that the appellants had paid $3,800 on the contract, that the $1,000 note represented the balance and they sought to set off against it their damages on account of the misrepresentations. This they were certainly entitled to do. It does not involve the rescission of the contract in any sense but simply a claim for damages.

We now come to the vital question in the case, whether the court's findings cover the issues. The trial court was evidently of the opinion that the representations alleged must have been made knowingly and wilfully and with intent to deceive in order to be material. It therefore confined itself to finding that respondent did not make such representations knowingly, wilfully and with intent to deceive. The idea back of this evidently was that an actual fraudulent intent would have to be proved to make a defense. Generally speaking, this is true. There is, however, a well-established exception in a case where the circumstances impose upon the vendor a special duty to know the truth of his representations, or where the nature of the situation is such that he is presumed to know the facts to which his representation relates. In such cases a misrepresentation is fraudulent even though not made knowingly or wilfully or with actual intent to deceive. Good examples of cases coming within this exception are that of a vendor pointing out the boundaries of his land. (*Bradford v. Adams*, 73 Wash. 17, 131 Pac. 449; *Purdy v. Underwood*, 87 Or. 56, 169 Pac. 536); a vendor pointing out the wrong land (*Donelson v. Michelson*, 104 Neb. 666, 178 N. W. 219); a vendor representing land as free from encumbrances although he has himself executed a mortgage (*Kiefer v Rogers*, 19 Minn. 32); and the act of one drawing a check against insufficient funds (*King v. Murphy*, 151

N. Y. Supp. 476). We conclude that a case like the present, where one selling a business represents that his books of account correctly state the condition of his business and assets, falls within this exception. It is hard to imagine circumstances which would tend more strongly to impose upon the vendor a duty to know the truth or which would give rise to a stronger presumption that he knew the facts. Accordingly, we conclude that, if respondent represented to appellants that his books correctly stated the facts, and they did not, this would amount to a fraudulent misrepresentation, even though not made knowingly or wilfully or with actual intent to deceive. It was therefore not necessary for appellants to prove that the misrepresentations were made knowingly, wilfully or with intent to deceive. It is elementary that one need not prove all the allegations of his complaint, or answer, but only those which are absolutely necessary to a recovery, or defense. (*Smith v. Rader,* 31 Ida. 423, 173 Pac. 970.) The issues whether respondent represented that his books of account correctly stated the facts and whether or not they did were, therefore, material under the pleadings in this case, and the court should have made a finding responsive to them. The finding actually made was a negative pregnant so far as these issues are concerned.

The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed. Costs to appellant.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

Edgington, District Judge, dissents.