(No. 6227.   October 25, 1935.)

UNITED STATES BUILDING & LOAN ASSOCIATION, a Corporation, Appellant, v. DORA FRANCE, a Widow, and GUARANTY SAVINGS & LOAN COMPANY, a Corporation, Respondents.

[50 Pac. (2d) 1015.]

A. A. Merrill and J. F. Emigh, for Appellant.

110

O. R. Baum and J. H. Andersen, for Respondents.

GIVENS, C. J.—Respondent Dora France, in arrears in payments on her loan from appellant, arranged with respondent Guaranty Savings & Loan Company for a new loan to take up appellant's loan, pursuant to which arrangement respondent Guaranty Savings & Loan Company, September 16, 1931, sent to appellant its check, drawn on the Citizens Bank & Trust Company of Pocatello, Idaho, in payment of appellant's loan. Appellant deposited the check in the First National Bank of Butte, Montana, September 17, 1932, which sent it to the Walker Brothers Bank at Salt Lake City, Utah, which turned it to the Salt Lake Branch of the San Francisco Federal Reserve Bank, by which it was sent direct to the Citizens Bank & Trust Company, received

there on the 22d day of September, marked paid and charged to the account of respondent Guaranty Savings & Loan Company. The Citizens Bank & Trust Company in payment of this and a number of similar items, sent a draft for $26,000 to the Salt Lake Branch of the San Francisco Federal Reserve Bank. The Citizens Bank & Trust Company failed to open September 23, 1931, and the draft was not paid, hence this controversy involving the question of whether the consequent loss should fall on appellant or on respondents.

Various correspondence was had between appellant and respondent Guaranty Savings & Loan Company; a claim was filed by appellant with the receiver of the Citizens Bank & Trust Company seeking a preferred classification on a trust theory, but rejected on that basis, and the respondent Guaranty Savings & Loan Company refusing to assume the burden of the loss, appellant sued to foreclose its mortgage. Respondents by their answers claimed payment by reason of the above circumstances. Appellant in turn traversing such defense, contends that section 7 of chapter 60 of the 1931 Session Laws, I. C. A., sec. 25–1307, was in effect, even though section 13 of said chapter, I. C. A., sec. 25–1313, had been declared inoperative as of the time of the transaction herein involved (*Federal Reserve Bank v. Citizens Bank & Trust Co.*, 53 Ida. 316, 23 Pac. (2d) 735), because of a defective title to said chapter, and that the burden rested upon respondents as one of the conditions precedent to the establishment of payment under section 7, I. C. A. sec. 25–1307, *supra*, to prove the solvency of the drawee bank, also that the respondent Guaranty Savings & Loan Company had in effect after September 23d agreed to pay the check, appellant's compliance with and performance of its duties under such agreement, respondents' refusal to perform, and that respondent Guaranty Savings & Loan Company is estopped to deny its nonliability for the check. Such affirmative answers to respondents' affirmative defenses being deemed denied, indicate respondents' position with their added contention that section 7, *supra*, was inoperative the same as section 13, chapter 60, of the 1931 Session Laws.

Appellant virtually concedes that in the absence of section 7, chapter 60, 1931 Session Laws, I. C. A. sec. 25–1307, *supra,* the law would hold that the check was paid. If section 7, I. C. A. sec. 25–1307, and section 13 of chapter 60, I. C. A. sec. 25–1313, *supra,* are so inseparably connected that it cannot be considered that the legislature would have passed the one without the other, section 7, I. C. A. sec. 25–1307, *supra,* must fall with section 13, I. C. A. sec. 25–1313, *supra.* (*Ballentine v. Willey,* 3 Ida. 496, 31 Pac. 994, 95 Am. St. 17; *Gillesby v. Board of County Commissioners,* 17 Ida. 586, 107 Pac. 71; *Cunningham v. Thompson et al.,* 18 Ida. 149, 108 Pac. 898; *Epperson v. Howell,* 28 Ida. 338, 154 Pac. 621; *State v. Bird,* 29 Ida. 47, 156 Pac. 1140; *Carlson v. Mullen,* 29 Ida. 795, 162 Pac. 332; *Dumas v. Bryan,* 35 Ida. 557, 207 Pac. 720.)

Assuming the law prior to the passage of chapter 60, 1931 Session Laws, I. C. A. sec. 25–1301 et seq., *supra,* to be as asserted by respondents and virtually conceded by appellant, section 7, I. C. A. sec. 25–1307, thereof announced a new and different rule, the operation of which on the transaction involved herein would effect payment of the check, nevertheless concomitantly section 13 of said chapter, I. C. A. sec. 25–1313, under the circumstances of this case would purportedly impress a trust in favor of the owner of the item and impose the loss neither on the payee nor the payor except as a proportionate diminution of the payor's share, if any, in the distributable assets, if any, of the failed bank, since the general assets of the failed bank would necessarily be reduced by the prior payment of the preferred or trust claims contemplated and sanctioned by said section 13, I. C. A. sec. 25–1313. Likewise conceding that in the absence of this statute decisions may be found placing the loss upon the payee, the payor, or upon neither as declared by section 13, I. C. A. sec. 25–1313, *supra,* it would seem to follow that the legislature intended by section 7, I. C. A. sec. 25–1307, and 13, I. C. A. sec. 25–1313, *supra,* to very definitely and certainly declare, in the case of solvency of the paying or intermediate banks, that the check when finally charged is paid so far as the banking transactions

are concerned. If on the other hand insolvency along the line interrupted the actual receipt by the payee of the money, the act declared a trust without loss to either payee or directly to the payor. Section 13, I. C. A. sec. 25–1313, *supra,* further affects a transaction otherwise governed by section 7, I. C. A. sec. 25–1307, *supra,* in the event. of insolvency of the paying or other intermediary banks by obviating the necessity of tracing the trust funds, thereby relieving the holder of the check of a possibly onerous burden. To give effect, therefore, to section 7, I. C. A. sec. 25–1307, *supra,* in the case of insolvency without taking into consideration section 13, I. C. A. sec. 25–1313, *supra,* would place the loss upon the payee of the check, evidently not intended by section 13, I. C. A. sec. 25–1313, and would likewise do violence to the rights of the payor as declared by section 13, I. C. A. sec. 25–1313, *supra.* It must therefore follow that the legislature intended section 7, I. C. A. sec. 25–1307, and section 13, I. C. A. sec. 25–1313, to go hand in hand, and since section 13 has been eliminated, section 7, I. C. A. sec. 25–1307, does not apply,[1] and we need not discuss or decide appellant's contention that the burden of proof was on respondents to prove the solvency of the Citizens Bank & Trust Company.

This conclusion, however, does not dispose of the entire controversy because even though the court correctly found that the check had been paid and that up to that point the loss would fall upon appellant, the court did not directly find or conclude upon the matter of estoppel or new agreement, which failure appellant with reasonable appropriateness assigns as error.

If either a new agreement was made, or the Guaranty Savings & Loan Company is estopped from now seeking to place the loss upon appellant, it would affect the judgment, hence findings should have been made on these points. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *State v. Baird,* 13 Ida. 126, 89 Pac. 298; *Brown v. Macey,* 13 Ida.

---

[1] Such holding applies only to transactions prior to the incorporation in the 1932 Code of said chapter 60, i. e., at least not until December 1, 1932.

114

451, 90 Pac. 339; the statement in *Later v. Haywood*, 14 Ida. 45, at p. 54, 93 Pac. 374, being pertinent and enlightening; *Village of Hailey v. Riley*, 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86; *Uhrlaub v. McMahon*, 15 Ida. 346, 97 Pac. 784; *American Min. Co. v. Trask*, (on rehearing) 28 Ida. 642, 650, 156 Pac. 1136, 1139; *Sarret · v. Hunter*, 32 Ida. 536, 185 Pac. 1072; *Turner Agency v. Pemberton*, 38 Ida. 235, 221 Pac. 133; *Erickson v. Winegar*, 41 Ida. 1, 236 Pac. 870; *Nohrnberg v. Boley*, 42 Ida. 48, 246 Pac. 12; *Schlieff v. Bistline*, 52 Ida. 353, 15 Pac. (2d) 726.)

In view of the necessity for these additional findings on these two questions, we will not further discuss the evidence, but reverse the judgment and remand the case to the trial court for further proceedings, specific findings and conclusions to be made with regard to the asserted estoppel and disputed new agreement, and judgment entered accordingly.

Costs awarded to appellant.

Morgan, Holden and Ailshie, JJ., concur.

Budge, J., not participating.