288 P.2d 649

Forrest HOWELL and Louise Howell, husband and wife, Plaintiffs-Respondents,

v.

Henry F. REIMANN and Eunice Short Reimann, husband and wife, Defendants-Appellants.

No. 8282.

Supreme Court of Idaho.

Oct. 4, 1955.

Leonard O. Kingsford, Rexburg, Alvin Denman, Alvin L. Denman, R. R. Reeves, Idaho Falls, for respondents.

T. Harold Lee, Rigby, Robert K. Hillman, St. Anthony, for appellants.

ANDERSON, Justice.

Plaintiffs (respondents) brought this action to quiet title to a right-of-way for the use of a road over defendants' (appellants') property. September 29, 1954, trial on the merits commenced at St. Anthony, Idaho, and the plaintiffs produced evidence in support of their contention that defendants should repair segments A, B and C, these being designated portions of the road to be used temporarily, until the defendants built a road in a different location in compliance with a written agreement the parties had entered into August 30, 1951.

The plaintiffs rested, and the court took a recess until September 30, 1954. On that day, the attorneys for the parties entered into a stipulation in chambers at Idaho Falls, which in part provided that the defendants would build a road from plaintiffs' potato cellar, along a route agreed upon by the parties, down to a point near the buildings on the plaintiffs' feed lot, and that the case may be settled and compromised by the construction of such road by June 1, 1955, it to be built in a manner sufficient to allow the use of a tractor and sled, and the sufficiency thereof to be passed upon by the court, if necessary, upon the completion thereof.

It was further stipulated and agreed that the defendants repair by November 1, 1954, the previously-existing routes, described as segments A, B and C in the plaintiffs' complaint, to make the same passable for temporary use, and that the plaintiffs should be entitled to free and unobstructed use thereof until the completion of the road to be built by the defendants.

It was further stipulated that upon completion of the agreed route by defendants, the plaintiffs would have no right to travel any of the routes described in plaintiffs' complaint as segments A, B and C. The action was to be dismissed when the road was constructed, the court retaining jurisdiction until such time in order to pass upon the sufficiency of the construction if the need arose. None of the parties to the litigation was personally present September 30, 1954. November 2, 1954, plaintiffs caused to be served upon the then attorney for the defendants a motion for a court order requiring defendants to make segments. A, B and C available.

Notice of withdrawal of attorneys for defendants, dated November 2, 1954, was filed November 4. On November 6, 1954, respondents gave notice to appellants to appoint another attorney, and an order to show cause was issued fixing November 12, 1954, as the time of hearing for the appellants to show why repair of segments A, B and C had not been made. November 12, the defendants, by their attorney, contended they did not authorize their former attorney to make the stipulation of September 30, 1954, but the court made an order in conformity with the stipulation entered into by the attorneys for the respective parties, and ordered that appellants forthwith repair segments A, B and C, and held

that "forthwith" should mean in this instance before November 16, 1954. November 15, defendants filed a notice of appeal, but failed to file a supersedeas bond, but did file a cost bond. They voluntarily dismissed this appeal on December 27, 1954.

November 17, defendants were ordered to show cause on November 26 why they should not be held in contempt of court for not obeying the order of November 12, 1954. At the hearing November 26, the court held that any contempt was only "technical," as an appeal had been filed, upon the advice of an attorney that the order was appealable, but no undertaking to stay the proceedings had been posted. Defendants were allowed time in which to file such an undertaking, the amount thereof was set at $1,000 by the court, and the cause was continued.

A continuation of the hearing on the order to show cause was held December 27, 1954. At this hearing, the defendants offered to testify that they had not authorized their previous counsel, nor anyone, to enter into the stipulation of September 30, 1954, settling the case; that they had refused to permit their former counsel to enter into such a stipulation, and they tendered him by check payment in full for his services on the evening of September 29, 1954; that they were not present in court on the morning of September 30 at chambers; and that they knew nothing of the fact that such stipulation had been entered into until November 12. This offer of evidence was objected to by plaintiffs, and the objection was sustained by the court.

Counsel for defendants then moved for a reconsideration of the undated order of November 12, ordering defendants to open the right-of-way, and for a reconsideration of the order of November 26 holding the defendants in technical contempt of court for failure to do so. Both motions were denied, and on December 29, 1954, this appeal was taken and a supersedeas bond filed.

Plaintiffs contend that the order of November 12, 1954, appealed from was not a final judgment, and that therefore this appeal will not lie. Sec. 10–701, I.C., provides:

"A judgment is the final determination of the rights of the parties in an action or proceeding."

The case of Farmers Equipment Co. v. Clinger, 70 Idaho 501, 222 P.2d 1077, 1080, states:

"A 'final judgment' is one which ends the suit, and appeals can only be taken from judgments that are final or from those from which appeals are specifically provided for."

Whether an instrument is an appealable order or judgment must be determined by its content and substance, and not by its title. Swinehart v. Turner, 36 Idaho 450, 211 P. 558; State v. McNichols, 62 Idaho 616, 115 P.2d 104.

In the present case everything that could be done was covered by the stipulation and the order of the court finally to end the case. The court specifically stated at the November 12 hearing:

"These matters must be terminated some place, and that's the reason for the stipulations in the record.

\* \* \* \* \* \*

"You see, this case was terminated —at least was terminated, ended with this stipulation right out of the middle of a trial."

The transcript further discloses that the trial court considered the stipulation of the parties and the order of November 12, 1954, as a final judgment, as shown by its rulings of November 26, 1954, as continued to December 27, 1954, holding defendants guilty of technical contempt of said order, and in refusing to permit defendants to testify relative to the stipulation of September 30, 1954, being made without authority.

■ Defendants could have taken other methods to attack their former attorney's authority to enter into the stipulation which resulted in the judgment against them in this case. 139 A.L.R. 421 annotation IIIe at pages 447–454. Nevertheless, we are of the opinion, under the facts of the case now before us, that the order of November 12, 1954, based upon the stipulation made by the attorneys for the respective parties in open court on September 30, 1954, was a final judgment, as all of the issues of the case were fully and finally settled, the court retaining jurisdiction only for the purpose of passing upon the sufficiency of the road to be constructed and thereby enforce the stipulation and judgment. Nothing was left undetermined that was then being litigated.

■ The trial court erred in refusing defendants an opportunity to be heard upon the question of whether or not the stipulation made by former counsel for defendants was authorized. Although the stipulation settled all of the issues and was a final disposition of the case if it was authorized —and the presumption in general is that it was authorized—nevertheless the presumption is rebuttable. 7 C.J.S., Attorney and Client, § 73, p. 880. In an annotation, "Authority of Attorney to Compromise Action," in 30 A.L.R.2d 944, at page 947, appears the following:

"Either precedent special authority from the client \* \* \* or subsequent ratification by him \* \* \* is essential in order that a compromise or settlement by an attorney shall be binding on his client."

Section 3-202, I.C., provides:

"An attorney and counselor has authority:

"1. To bind his client in any of the steps of an action or proceeding, by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise. \* \* \*"

The case of Storey v. United States Fidelity & Guaranty Co., 32 Idaho 388, 183 P. 990, is cited by both parties. Attorneys in the Storey case arranged for payment of a judgment while appeal on a suit for injunction to restrain a sheriff's sale of the property was pending. The court said, 32 Idaho at page 392, 183 P. at page 991:

"The rule generally accepted in this country is to the effect that an attorney has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, but has no power to compromise or release the cause of action itself."

The attorneys in Evans v. Power County, 50 Idaho 690, 1 P.2d 614, had entered into an agreement regarding procedure in an execution sale. The court held, 50 Idaho at pages 705–706, 1 P.2d at page 620:

"While the general rule undoubtedly is that an attorney has authority, by virtue of his employment as such, to do on behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit and affecting the remedy, he has no power to compromise or release the cause of action itself. * * * by failure to make prompt objection to the sale, that company impliedly ratified the agreement made by its attorney."

This appears to be the latest Idaho decision on the point.

The cause is reversed, and remanded to the district court for the taking of evidence as to whether the stipulation of September 30, 1954, was authorized. Should the court find that it was not, the order of November 26, 1954, and subsequent orders should be vacated and further evidence should be taken on the merits of the case.

Judgment reversed and cause remanded. Costs to appellants.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.